Randolph Harrison and Samuel Jones exhibited a bill against Edward Sims and the sheriff of Buckingham, in the superiour court of chancery of Richmond, — setting forth, that sundry executions having been sued out on judgments against Charles Irving, and levied by the sheriff of Buckingham, *on three negro girls the slaves of Irving, the plaintiffs purchased these slaves at their full value at the sheriff’s sale, and paid the money for them, and then left them on Irving’s plantation, for the convenience of his family (the slaves being favorite house servants) but they were at all times completely under the plaintiffs’ control- And that, afterwards, Sims, having sued out a fieri facias on a judgment against Irving, and delivered it to the sheriff, caused it to be levied on the same three slaves'; and the sheriff had advertised them for sale to satisfy this execution. 'Therefore, the bill prayed an injunction to inhibit the sheriff from making such sale.
The chancellor thinking that the plaintiffs’ proper remedy was an action at law, denied the injunction; but it was awarded by this court.
Sims then put in his answer, objecting to the jurisdiction of the court of chancery to give relief in such a case; and alleging, that the purchase of the slaves by the ¡plaintiffs, was not made bona fide with their own money, but with money furnished by others for Irving’s benefit,, and was a mere contrivance to protect Irving’s property from his creditors.
The chancellor, still adhering to his first opinion, that the case stated in the bill was not proper for relief in equity; and, suggesting that the cases decided by the court of appeals, on like questions of jurisdiction, reported in 3 Randolph (alluding to the cases of Bowyer v. Creigh, 3 Rand. 25, and Allen v. Freeland, Id. 170,) had perhaps escaped the notice of the judges of the court of appeals, when the injunction in this case was awarded, — therefore, discharged the injunction, as having been improvidently awarded. ITrom this order the plaintiffs appealed to this court.
Upon the hearing of the appeal, this court said, that the chancellor was mistaken in supposing that the cases in 3rd Randolph on like questions, had escaped its attention ; that though there had been some diversity of opinion, whether peculiar value of slave property ought not to be alleged in a bill praying relief in such cases, yet when that matter was ^alleged (as it was in this bill) an injunction to inhibit the sale of slaves unjustly taken in execution, ought to be awarded by a court of chancery, nothwithstanding that the plaintiff might recover damages at law for the wrongful seizure of his property, or the property itself in an action of detinue; and that, on a review of all the cases on the point, it had been determined by a full court, in Randolph v. Randolph, 6 Rand. 194, that, in every case in which the owner of slaves wrongfully taken under execution, applies to a court of equity to inhibit the sale of them, the court ought to award an injunction, and, if the case be made out, to give relief, though it be neither alleged in the bill, nor proved, that the slaves have any peculiar value. Therefore, the court sustaining the jurisdiction of the court of chancery in the present case, reversed the order dissolving the injunction, ordered the injunction to be reinstated, and to stand till the hearing, and remanded the cause.
In the sequel of the proceedings in the court of chancery, the allegations of the bill and the perfect fairness of the plaintiffs’ purchase, were clearly proved; and *963 the chancellor, upon the hearing of the cause, perpetuated the injunction. And then Sims appealed to this court—
The attorney genéral for the appellant.
Stanard, for the appellees.
Which affirmed the decree.